## Prentiss vs. Farnham, late sheriff, &c.

The defendant, who was sheriff of Erie county, by public advertisement, on the
24th of December, 1852, offered a reward of $250 for the discovery and ap-
prehension of the person or persons who murdered J. B.   The plaintiff, a
constable, on the 18th of January, 1853, arrested one F. without warrant,
believing him to be the murderer, and took him to the jail of Erie county.
F. was subsequently tried for the offense, and was convicted and executed.
In November, 1853, the plaintiff, at the request of the defendant, made appli-
cation to the board of supervisors of Erie county to raise the amount of the
reward and to pay the same to him.   One M. claimed a part of the reward,
and he and the plaintiff appeared before the board and were heard upon their
claims.   The board allowed the plaintiff $150 and M. $100.   An order for
$150 was given to the plaintiff, who took it, and received the money from the
treasurer, at the same time claiming, however, that he was entitled to the
whole amount of the reward, and protesting that he did not receive the $150
in full of his claim.   M. received the $100 awarded to him.   In an action
against the sheriff, to recover the amount of the reward ; *it was held* that the
plaintiff and M. having referred their respective claims to the board of super-
visors, and consented that the board should settle their respective rights to the
reward, and the board having settled those rights, and the plaintiff having re-
ceived the amount to which by the decision he was entitled, he had no further
claim against the defendant.

THIS action was brought to recover the amount of a reward
offered by the defendant, sheriff of Erie county. The
offer was published as an advertisement, thus : " Two hundred
and fifty dollars reward is hereby offered for the discovery and
apprehension of the person or persons who murdered John
Brown, in the town of Alden, in this county, on the evening of
the 21st instant.   Dated Buffalo, Dec. 24, 1852.

                              Leroy Farnham, Sheriff."

The cause was tried at the circuit without a jury, and the
facts were agreed upon.   The material facts may be thus stated.
Brown was murdered in November, in the town of Alden, by
one Fogerty ; the defendant published the advertisement as
above ; and the plaintiff was informed and believed that such
advertisement was published.   Upon a complaint duly made on
oath, prior to January 1, 1853, a police justice of the city of
Buffalo had issued his warrant for the arrest of Fogerty, upon
the charge of the murder of Brown, and the warrant was de-

livered to a constable of the county of Erie.   The plaintiff was
a constable of the town of Amherst, and on January 18, 1853,
he arrested Fogerty in the town of Amherst, in said county,
without a warrant, and without hearing that any warrant had
been issued, and took him to the jail of the county.   The
plaintiff, prior to the arrest, had been informed, and he believed,
that Fogerty was guilty.   Fogerty was tried, convicted and
executed.

The plaintiff, in November, 1853, at the request of the de-
fendant, made application to the board of supervisors of Erie
county to raise $250 and to pay the same to him. . He claimed
that sum.   One Albert Marshall claimed part of the sum, and
the plaintiff and Marshall appeared before the board and were
heard upon their claims.   The committee on sheriff's accounts,
to whom the petition of the plaintiff was referred, made a re-
port, coming to the conclusion that the plaintiff was entitled to
the whole reward offered ; and they recommended that an order
be drawn, in favor of the plaintiff, upon the county treasurer
for that amount.   This report was amended by the board, and
Marshall was allowed $100, and the plaintiff $150.   An order
for the $150 was given to the plaintiff, who took it, and received
from the treasurer the money ; he, at the time of taking the
order, claiming that he was entitled to the whole sum of $250,
and protesting that he did not receive it in full of his claim.
Marshall received the $100 awarded to him.   Before the com-
mencement of this action, the plaintiff demanded of the defend-
ant the two hundred and fifty dollars, and the defendant refused
to pay it.   The court, as a conclusion of law, decided that the
plaintiff was not entitled to judgment, and judgment was di-
rected to be given for the defendant.   The plaintiff excepted,
and judgment being perfected, he appealed to the general term.

*B. H. Austin,* for the plaintiff

*A. Sawin,* for the defendant.

*By the Court,* MARVIN, J.   The defendant insisted that the
proceedings by and before the board of supervisors, and the

Prentiss *v.* Farnham.

payment to the plaintiff of the $150, constitute a bar to this action. In his answer, after stating that Marshall and the plaintiff each claimed the reward, and that he referred them to the board of supervisors, he states that they submitted to the arbitrament and decision of the board of supervisors their respective claims, &c. He also alleges, in his answer, that he paid the plaintiff $150 in full satisfaction of his claim. His counsel also insisted, upon the argument, that as the plaintiff was a constable, he could not claim the reward. If the defendant is right in his previous positions, it will not be necessary to examine the last.

The defendant was sheriff of Erie county. He offered the reward. There is no question but that he assumed a personal liability. Nevertheless, he relied upon the county for indemnity, and that the board of supervisors would admit and allow in his accounts any sum that should be properly paid out by him in securing the detection and arrest of the criminal. He referred the plaintiff to the board of supervisors, and the plaintiff presented his petition to the board. Marshall made a claim for a part of the sum. And these claimants appeared before the board and were heard, and they submitted to the board their respective claims. Their claims rested upon the reward offered by the defendant. The board of supervisors acted upon these claims as founded upon the reward offered by the defendant, the sheriff of the county. One of the claimants claimed the entire amount of the reward offered, and the other claimed a part of it, upon what grounds does not appear. The supervisors allowed the whole $250. Should the defendant now pay to the plaintiff the $250, or the $100, he would have no claim, equitable or otherwise, upon the county. It seems to me that the plaintiff, when he consented to refer his claim to the board of supervisors, and appeared and prosecuted his claim, and resisted the claim of Marshall to any portion of the reward, thereby consented and agreed to abide by and stand to the decision which the board should make as to the rights of the claimants to the money. He might have refused to submit the question to the board of supervisors, and have resorted to his remedies

against the defendant. But having consented to go before the board and submit his claim in competition with the claim of Marshall, and having received that portion of the reward awarded to him, it seems to me that his claim against the defendant, the sheriff of the county, is satisfied, and that he can maintain no action for the whole reward, or for that part not allowed to him by the board. His claiming that he was entitled to the whole sum, at the time he received the $150, and protesting that he did not receive it in full of his claim, will not affect the question. He is bound by the submission of the questions to the board of supervisors and their award and the receipt of the money awarded. If he had not received the money from the county, perhaps he could have maintained an action against the defendant, but he could only have recovered the $150 as awarded by the board of supervisors. The claimants consented that the board should settle their respective rights to the reward, and the board having by their decision settled them, and the plaintiff having received the amount to which, by the decision, he was entitled, he has no further claim against the defendant.

It will not be necessary to examine the question whether the plaintiff, being a constable, could claim the reward. The judgment should be affirmed.

[ERIE GENERAL TERM, September 8, 1856. *Bowen, Mullett, Greene* and *Marvin,* Justices.]